In the Matter of Stanley G. HARRIS, Bankrupt.

Toshio INAHARA, Robert L. Kalez, Longview Booming Co., Roland Brusco, Albert Starr, James A. Wood, and Golden Key Associates, a partnership, Plaintiffs-Appellees,

v.

Stanley G. HARRIS, Defendant-Appellant.

Toshio INAHARA, Robert L. Kalez, Longview Booming Co., Roland Brusco, Albert Starr, James A. Wood, and Golden Key Associates, a partnership, Plaintiffs-Cross Appellants,

v.

Stanley G. HARRIS, Defendant-Cross Appellee.

Nos. 76–3346, 76–3307.

United States Court of Appeals, Ninth Circuit.

Dec. 7, 1978.

Rehearing and Rehearing En Banc Denied Jan. 16, 1979.

---

Herbert H. Anderson (argued), of Dezendorf, Spears, Lubersky & Campbell, Portland, Or., for defendant-cross appellee.

Dennis H. Elliott (argued), of O'Connell, Goyak & Haugh, Portland, Or., for plaintiffs-cross appellants.

Before MERRILL and TANG, Circuit Judges, and TAYLOR, District Judge.*

PER CURIAM:

This is an appeal from the judgment of the district court holding that the state court judgment debt owing by appellant Harris to appellees was non-dischargeable under § 17(a)(2) and (4) of the Bankruptcy Act.[1] Appellant contends that his debt to appellees is dischargeable and that said sections are not applicable. There is also a cross-appeal from the order of the district court denying a motion of appellees to amend the findings.[2] The district court judgment was contrary to the ruling of the bankruptcy court which held the debt dischargeable.

After a careful review of the record and the briefs of counsel, it is our opinion that the trial judge correctly concluded that the state court judgment debt owing by appellant to appellees was non-dischargeable under the fraud provisions of § 17(a)(2) and § 17(a)(4) for the reasons stated in his opinion. *In Re Stanley G. Harris; Inahara, et al. v. Harris*, 458 F.Supp. 238 (D.Or.1976).

Affirmed.

---

* For the District of Idaho, sitting by designation.

1. 17(a)(2) and (4) of the Bankruptcy Act is found at 11 U.S.C. § 35(a)(2) and (4) and reads as follows:
(a) A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . (2) are liabilities for obtaining money or property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another . . . (4) or were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity; . . .

2. The district court, in finding that appellees' state court judgment debt was non-dischargeable under 11 U.S.C. § 35(a)(2), addresses only the fraud section, i. e., the "false pretenses or false representations" section. The district court did not rely upon or make any findings regarding the "wilful and malicious injuries" portion. The appellees' motion, requesting that the district court make findings in this regard, was denied.